# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                              Case No. 08-CR-89

**HOSEA HINES**
       **Defendant.**

## DECISION AND ORDER

Defendant Hosea Hines moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). I issued an ordered clarifying the manner in which I originally determined defendant's sentence and permitted him to resubmit the motion, which he has done. For the reasons that follow, I deny the motion under U.S.S.G. § 1B1.10(b)(2).

## I. BACKGROUND

On April 1, 2009, defendant pleaded guilty to conspiracy to possess with intent to distribute and to distribute 50+ grams of crack cocaine, contrary to 21 U.S.C. § 841(a)(1) & (b)(1)(A), an offense then carrying a statutory penalty range of ten years to life in prison. At defendant's December 21, 2009 sentencing hearing, I adopted a base offense level of 32 based on a drug weight of 150-500 grams of crack cocaine, U.S.S.G. § 2D1.1(c)(4) (2009), and subtracted 3 levels for acceptance of responsibility, § 3E1.1, for a final level of 29. Coupled with defendant's criminal history category of IV, level 29 produced a guideline range of 121-151 months. I then granted a 4 level reduction on the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).

The district court may not rely on the sentencing factors set forth in 18 U.S.C. § 3553(a)

to impose a sentence below the minimum required by statute, even when the government has filed a motion under § 3553(e). See United States v. Johnson, 580 F.3d 666, 672-73 (7th Cir. 2009). However, in cases like this one where the guideline range exceeds the minimum, the court may consider the § 3553(a) factors above the minimum, then rely on the government's § 3553(e) motion below that point. See United States v. Coyle, 506 F.3d 680, 683 (8th Cir. 2007).

On consideration of the § 3553(a) factors in this case, I elected to take the departure from a lower level consistent with the mandatory minimum. First, I found that defendant's criminal history category overstated the severity of his record; relying on 18 U.S.C. § 3553(a) and U.S.S.G. § 4A1.3(b), I elected to treat him as a category III offender. Second, in gauging the severity of the offense and the need for just punishment, I took into account the guidelines' continued disparate treatment of crack and powder cocaine. See Spears v. United States, 555 U.S. 261 (2009); Kimbrough v. United States, 552 U.S. 85 (2007). Finally, I considered defendant's status as a relatively low level dealer and the steps he had taken to try to escape this life. For these reasons, I took the 4 level departure from level 28, the lowest level that supported the mandatory minimum in category III (97-121 months), see United States v. Beamon, 373 F. Supp. 2d 878, 887 (E.D. Wis. 2005) (citing United States v. Hayes, 5 F.3d 292, 295 (7th Cir. 1993)), producing a range of 63-78 months. Under all the circumstances, I found a sentence of 63 months sufficient but not greater than necessary to satisfy the purposes of sentencing.

## II. DISCUSSION

**A.      Applicable Legal Standards**

Section 3582(c)(2) permits the district court to reduce the sentence of a defendant

"sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." District courts possess this authority only if (1) the Commission specifically designates a guideline amendment for retroactive effect, and (2) that amendment lowers the defendant's guideline range. United States v. Jackson, 573 F.3d 398, 399 (7th Cir. 2009).

The Commission lists those amendments that apply retroactively and upon which a sentence reduction may be based in U.S.S.G. § 1B1.10(c) (policy statement). In determining whether a reduction is authorized under this policy statement, the district court must first determine the amended guideline range that would have been applicable to the defendant if the amendments listed in § 1B1.10(c) had been in effect at the time the defendant was originally sentenced. In making this determination, the court substitutes only the amendments listed in sub-section (c) for the corresponding guideline provisions that applied when the defendant was sentenced, leaving all other guideline calculations unaffected. U.S.S.G. § 1B1.10(b)(1). A sentence reduction may not be granted if (A) none of the amendments listed in sub-section (c) applies to the defendant; or (B) an amendment listed in sub-section (c) does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment). U.S.S.G. § 1B1.10(a)(2) & cmt. n.1(A).

If the court finds the defendant eligible for a reduction, it must then decide whether and to what extent to reduce the sentence, considering the factors set forth in 18 U.S.C. § 3553(a), public safety, and the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. n.1(B). However, the court may not reduce the sentence to less than the minimum of the amended

3

guideline range determined under § 1B1.10(b)(1). U.S.S.G. § 1B1.10(b)(2)(A). If the court originally granted a downward departure on the government's substantial assistance motion, "a reduction comparably less than the amended guideline range" may be made. U.S.S.G. § 1B.10(b)(2)(B).

The limitations set forth in U.S.S.G. § 1B1.10 are binding. See Dillon v. United States, 130 S. Ct. 2683, 2691 (2010). Section 3582(c)(2) proceedings do not constitute a full re-sentencing, and the district court accordingly may not recalculate the defendant's sentence, correct errors, or otherwise exceed the narrow bounds established by the Commission. Id. at 2694.

**B.     Analysis**

Defendant relies on the amendment to the crack cocaine sentencing guideline, U.S.S.G. § 2D1.1(c), enacted by the Commission in response to the Fair Sentencing Act ("FSA") of 2010, which the Commission made retroactive effective November 1, 2011. See U.S.S.G. § 1B1.10(c) (amendment 750). Under that amendment, defendant's base offense level would be 28 rather than 32. See U.S.S.G. § 2D1.1(c)(6) (2011).[1] Leaving all other guideline calculations alone, defendant's final offense level would drop from 29 to 25 and his range from 121-151 to 84-105.

However, as he concedes, defendant remains subject to the 10 year mandatory

---

[1] The current version of U.S.S.G. § 2D1.1(c)(6) covers offenses involving 112-196 grams of cocaine base. As indicated above, I found defendant responsible for 150-500 grams at his original sentencing hearing. While it may in some circumstances be appropriate to make a more refined assessment given a change in a § 2D1.1(c) drug weight range, see, e.g., United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010), the government has not argued that I should now find some weight in excess of 150-196 grams. I will therefore proceed on the assumption that the new base offense level under § 2D1.1(c) is 28.

4

minimum. See United States v. Bell, 624 F.3d 803, 814-15 (7th Cir. 2010), cert. denied, 131 S. Ct. 2121 (2011). The guidelines provide that in a situation such as this – where the statutory minimum is greater than the maximum of the applicable guideline range – "the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Thus, the 2011 guidelines call for a 120 month sentence, a slight reduction from defendant's original range of 121-151 months.

Defendant originally received a sentence below the mandatory minimum pursuant to the government's substantial assistance motion; as noted, the court may when the original sentence derived from such a motion grant "a reduction comparably less than the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(B). However, given the manner in which I sentenced him originally, defendant can do no better with such a comparable reduction today. Defendant's "amended guideline range" under U.S.S.G. § 1B1.10(b)(1) & cmt. n.1(A) is 120 months. In computing a substantial assistance departure from a U.S.S.G. § 5G1.1(b) "range" the court may start with the lowest offense level consistent with the applicable minimum and depart downward from that point. See Hayes, 5 F.3d at 295. For defendant, then, Hayes would permit a departure from the 97-121 range, which is the range from which I departed originally. Thus, granting the same reduction now would not produce a lower sentence, as defendant concedes.[2]

Defendant argues that, in order to give effect to the FSA's displacement of the old 100:1 crack/powder ratio with an 18:1 ratio, I should now grant him a greater substantial assistance departure. He notes that the original 4 level departure and 63 month sentence represents just

---

[2]Defendant suggests no alternate departure point, consistent with the minimum, more favorable to him than that produced by the Hayes method.

5

a 25% reduction from his new 18:1 § 2D1.1(c) range (84-105), compared to the 48% reduction from his original range (121-151). Defendant suggests that I now grant a 7 level departure from the 97-121 range, producing a range of 46-57 months, and reduce the sentence to 46 months (45% less than the low end of the 18:1 range). However, defendant's applicable "range" for purposes of § 1B1.10 is 120 months, not 84-105 months. Defendant's sentence of 63 months thus continues to represent a significant departure.

Moreover, nothing in U.S.S.G. § 1B1.10(b)(2)(B) suggests that the court may recalculate or increase the size of a substantial assistance departure. See U.S.S.G. § 1B1.10 cmt. n.3 (providing an example of a "comparable reduction"); see also U.S.S.G. § 1B1.10(a)(3) (explaining that § 3582(c)(2) proceedings do not constitute a full re-sentencing); Dillon, 130 S. Ct. at 2694 (holding that the district court may not, in a § 3582(c)(2) proceeding, recalculate the defendant's sentence). Defendant cites application note 3, which states: "Subject to these limitations, the sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section." U.S.S.G. § 1B1.10 cmt. n.3. Read in context, the discretion referred to in this note is circumscribed by the requirement that any reduction below the amended guideline range be "comparable" to that granted originally and that the reduced sentence not be less than time served. The note does not provide discretion to grant a greater departure. To the extent that I possess such discretion, I decline to exercise it in defendant's favor; the departure I granted originally fully and fairly rewarded him for his cooperation.

Defendant contends that the current version of the policy statement provides a definition of the phrase "guideline range" which undermines the view that a § 5G1.1(b) "guideline sentence" based on a mandatory minimum triggers the § 1B1.10(a)(2)(B) exclusion, the

6

position adopted by the Third Circuit in 2009. See United States v. Doe, 564 F.3d 305, 312 (3d Cir. 2009) (holding that a mandatory minimum sentence under § 5G1.1(b) subsumed and displaced the initial guideline range, making the mandatory minimum the "applicable guideline range" for purposes of § 1B1.10(a)(2)(B)); see also United States v. Poole, 550 F.3d 676, 678 (7th Cir. 2008) (denying § 3582(c)(2) relief where the sentence was "based on" a statutory minimum under U.S.S.G. § 5G1.1(b), rather than the range produced by U.S.S.G. § 2D1.1(c)). Application note 1(a) now states that: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011). Defendant notes that while the "applicable guideline range" under § 1B1.10 falls at the intersection of offense level and criminal history category, nothing about § 5G1.1(b)'s operation turns upon either a defendant's offense level or his criminal history calculation. Defendant further notes that while § 1B1.10(a) references a defendant's guideline range, § 5G1.1(b) produces a guideline sentence. He concludes that "whatever the effect of the statutory mandatory minimum on [his] § 3582(c)(2) motion, the result is not the triggering of the § 1B1.10(a)(2) exclusion and attendant ineligibility for a reduced sentence." (R. 711 at 6.)

Section 1B1.10(a)(2)(B) does not directly apply here; defendant's applicable range has been lowered by amendment 750 (from 121-151 to 120 months).³ However, for the reasons

---

³For this reason, Doe is not directly on point. The defendants in that case originally faced mandatory minimums well above their otherwise applicable guideline ranges, id. at 307-08, whereas the minimum in this case fell just below the original range.

7

stated above, defendant is unable to gain relief because his sentence is already as low as U.S.S.G. § 1B1.10(b)(2) permits. This restriction on the extent of a reduction binds the court just as the § 1B1.10(a)(2)(B) restriction on reduction eligibility does.

Nor am I convinced that revised application note 1(a) trumps the application of U.S.S.G. § 5G1.1. The Commission adopted the definition upon which defendant relies to resolve a circuit split regarding when, if at all, the court applies a departure provision before determining the "applicable guideline range" for purposes of U.S.S.G. § 1B1.10; the Commission clarified that the applicable guideline range referred to in § 1B1.10 is the guideline range determined before consideration of any departure or variance. United States Sentencing Commission Guidelines Manual, Appendix C – Volume III 421 (amendment 759). It does not appear that this clarification responded to the concurring judge's opinion in Doe, as defendant suggests, and nothing in the amended policy statement or the Commission's explanation for it suggests that a U.S.S.G. § 5G1.1(b) "guideline sentence" cannot serve as the applicable "guideline range" under U.S.S.G. § 1B1.10.

To the contrary, the application note supports the view that § 5G1.1 continues to play a role. The note refers to the guideline range "determined pursuant to §1B1.1(a)." U.S.S.G. § 1B1.10 cmt. n.1(A). Section 1B1.1(a) sets forth an eight-step process, the last step of which is: "For the particular guideline range, determine from Parts B through G of Chapter Five the sentencing requirements and options related to probation, imprisonment, supervision conditions, fines, and restitution." U.S.S.G. § 1B1.1(a)(8). Thus, application of U.S.S.G. § 5G1.1 remains part of the process of determining the "guideline range" under U.S.S.G. § 1B1.10. See United States v. Cannon, Nos. 07-174-03, 07-181-01, 2011 WL 6258483, at *5-8 (E.D. Pa. Dec. 14, 2011) (rejecting a similar argument that a § 5G1.1 "guideline sentence" does

not constitute the "guideline range" under the current version of § 1B1.10); see also United States v. Simmons, No. S1 05 Cr. 1328, 2011 WL 6079624 (S.D.N.Y. Dec. 7, 2011) (denying § 3582(c)(2) relief to a defendant who originally faced a guideline range of 97-121, reduced to 51-63 under amendment 750, because of the still applicable 120 month mandatory minimum). Ultimately, while conceding that he remains subject to a 10 year mandatory minimum, defendant cannot explain how – if § 5G1.1(b) no longer applies – a mandatory minimum can be enforced in a § 3582(c)(2) proceeding.

## III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 707) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of January, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge